\

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LPP MORTGAGE LTD., <br><br> Plaintiff, <br><br> v. <br><br> ONDYN HERSCHELLE, <br><br> Defendant. | Case No.: C-13-4330 JSC <br><br> **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION UNDER CAL. CIV. CODE § 2929.25 (Dkt. No. 13)** |

Plaintiff LPP Mortgage Ltd., the beneficiary of a Deed of Trust encumbering Defendant's property, brings this action for judicial foreclosure and specific performance of the Deed of Trust. (Dkt. No. 1.) Plaintiff alleges Defendant breached both the Deed of Trust and the underlying Note by failing to make monthly payments under the Note, pay property taxes, and maintain fire insurance on the property. (Dkt. No. 1 at ¶14.) Defendant did not respond to the complaint, and the Clerk of Court entered default on December 17, 2013. (Dkt. No. 12.) Plaintiff seeks to enforce its right under California Civil Code section 2929.5 to enter and inspect Defendant's property after commencement of foreclosure proceedings "for the purpose of determining the existence, location,

nature, and magnitude of any past or present release or threatened release of any hazardous substance into, onto, beneath, or from the real property security." Cal. Civ. Code § 2929.5(a)(2).

To this end, Plaintiff moves the Court for an order authorizing such an inspection, invoking Section 2929.5(d), which provides that

> If a secured lender is refused the right of entry and inspection by the borrower or tenant of the property, or is otherwise unable to enter and inspect the property without a breach of the peace, the secured lender may, upon petition, obtain an order from a court of competent jurisdiction to exercise the secured lender's rights under subdivision (a).

Cal. Civ. Code § 2929.5(d). The Court denies Plaintiff's motion without prejudice for two reasons.

First, Plaintiff has not shown that Defendant has "refused" Plaintiff the right of entry or inspection, or that Plaintiff is otherwise unable to inspect the property without a breach of the peace. Id. Plaintiff's motion states only that Defendant has not responded to Plaintiff's letter dated December 18, 2013, requesting permission for Plaintiff to enter and inspect the property. (Dkt. Nos. 13 at 6; 13-1 at ¶ 2.) In addition, Plaintiff points to "Notices" sent by Defendant claiming that Plaintiff's security interest has been voided by a variety of nonsensical reasons, as well as an Invoice for 27,000 ounces of silver for various infractions." (Dkt. No. 13 at 6.) Based on these mailings, Plaintiff "is not optimistic" Defendant will cooperate with Plaintiff's request to inspect the property. (*Id.*) Section 2929.5(d) sets a much higher bar for a court order, however. Failing to respond to a single polite request in writing does not rise to the level of a refusal necessitating a court order. There is no indication that Plaintiff has attempted to enter and inspect the property, let alone been prevented from doing so. The Court DENIES Plaintiff's motion without prejudice to renewal.

Second, Plaintiff's Complaint does not establish the propriety of diversity jurisdiction. According to the Complaint, LPP Mortgage Ltd. is "a limited partnership organized under the laws of the State of Texas, with its principal place of business located in Plano, Texas." (Dkt. No. 1 at ¶1.) It is well-settled that diversity jurisdiction in a suit by or against a partnership "depends on the citizenship of all the members." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (internal quotation marks omitted). "[T]o meet the complete diversity requirement, all partners, limited as well as general, must be diverse from all parties on the opposing side." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 n.1 (2005). The Complaint alleges that "Plaintiff is a citizen of Texas," (Dkt. No. 1

at ¶ 2), but does not specify the citizenship of each of its partners.  Plaintiff must supplement its jurisdictional allegations and demonstrate complete diversity in order to proceed with this action.

Accordingly, Plaintiff's motion for an order authorizing inspection of Defendant's property is DENIED without prejudice.  No later than February 21, 2014, Plaintiff shall file (1) an amended complaint stating the citizenship of each of its partners, (2) any renewed motion under Cal. Civ. Code Section 2929.5(d), and (3) any motion for default judgment.

**IT IS SO ORDERED.**

Dated:  January 28, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE