\

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LPP MORTGAGE LTD.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ONDYN HERSCHELLE,<br><br>　　　　Defendant. | Case No.: C-13-4330 JSC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY THE COURT'S FEBRUARY 12, 2014 ORDER AND PLANTIFF'S RENEWED MOTION UNDER CAL. CIV. CODE § 2929.5 (Dkt. Nos. 18, 19)** |

　　　　Plaintiff LPP Mortgage Ltd., the beneficiary of a Deed of Trust encumbering Defendant's property, brings this action for judicial foreclosure and specific performance of the Deed of Trust. (Dkt. No. 17.)  Plaintiff alleges Defendant breached both the Deed of Trust and the underlying Note by failing to make monthly payments under the Note, pay property taxes, and maintain fire insurance on the property. (Dkt. No. 17 at ¶ 14.)  Plaintiff seeks to enforce its right under California Civil Code section 2929.5(a)(2) to enter and inspect Defendant's property after commencement of foreclosure proceedings "for the purpose of determining the existence, location, nature, and magnitude of any past or present release or threatened release of any hazardous substance into, onto, beneath, or from the real property security."

Plaintiff previously moved the Court for an order pursuant to section 2929.5(d), under which "a secured lender [who] is refused the right of entry and inspection by the borrower or tenant of the property, or is otherwise unable to enter and inspect the property without a breach of the peace," may obtain an order allowing it to exercise its rights under 2929.5(a). (Dkt. No. 13). On February 12, 2014, the Court denied Plaintiff's motion without prejudice to renewal upon a showing that (1) Defendant "refused" Plaintiff the right of entry or inspection; and (2) diversity jurisdiction is proper. (Dkt. No. 16.) Plaintiff has renewed its motion and addressed these two issues. (Dkt. No. 19.) Because Plaintiff has established that Defendant refused Plaintiff entry, Plaintiff's motion is GRANTED.

## DISCUSSION

As an initial matter, the First Amended Complaint sufficiently establishes diversity jurisdiction by alleging complete diversity among Plaintiff's member partners and Defendant. (Dkt. No. 12 at ¶¶ 1-3.)

Plaintiff has also met the requirements of section 2929.5(d). Plaintiff indicates Defendant initially agreed to its request to conduct an environmental inspection in July 2013, before this action was filed, but later requested more information about why the inspection was necessary. (Dkt. 19 at 10-11, ¶¶ 9-10.) In response, Plaintiff explained that contaminants from neighboring auto repair businesses could have entered the property. (*Id.*) After that conversation, Defendant did not respond to multiple attempts by Terracon, Plaintiff's inspection company, to schedule an inspection, or to Plaintiff's request via email. (*Id.* at 11.) In August 2013, while not responding to Plaintiff, Defendant sent Plaintiff a "Courtesy Notice" stating, in part, that she "DOES NOT CONSENT to any unlawful and illegal devaluing, diminishing, abrogating, subjugating, subordinating, usurping, invading, violating or theft of [Defendant's] duly secured BE'ing, any and all creations therefrom and property thereof." (Dkt. No. 19 at 11, ¶12; Dkt. No. 19-1 at 1.) Since Plaintiff filed this action, Defendant has not responded to the Complaint (Dkt. No. 12), to Plaintiff's request for an inspection via letter (Dkt. No. 19 at 13, ¶ 2), or to its phone calls (*id.* at ¶ 3). Defendant did, however, send Plaintiff an "Invoice," purporting to charge Plaintiff 35,000 ounces of troy ounce silver for its failure to rebut the facts Defendant asserted in its "Courtesy Notice." (Dkt. 19-2.)

2

The record indicates that Defendant has been aware of Plaintiff's intent to inspect the property since as early as July 2013, (Dkt. No. 19 at 10-11, at ¶9), and known of this judicial foreclosure action since service of the Complaint in October 2013 (Dkt. No. 10).  The Court therefore finds that Defendant's refusal to respond to any communication from Plaintiff or Plaintiff's representatives constitutes refusal to permit entry and inspection for the purpose of section 2929.5(d).  The record—in particular, Defendant's "Courtesy Notice" and "Invoice"—also supports a finding that Plaintiff may be unable to enter the property without a breach of the peace.

## CONCLUSION

The Court finds this matter suitable for disposition without oral argument.  See Civ. L. Rule 7-1(b).  Plaintiff's Renewed Motion is GRANTED, as follows:

1. LPP Mortgage Ltd., as well as its representatives, agents and attorneys (collectively, "Plaintiff"), is authorized to enter and inspect 989 Folsom Street, San Francisco, California (the "Subject Property"), for the purpose of determining the existence, location, nature and magnitude of any past or present release or threatened release of any hazardous substance into, onto, beneath or from the Subject Property.

2. Plaintiff shall give Defendant at least 24 hours advance notice of Plaintiff's intent to enter the Subject Property, and shall enter the Subject Property only during normal business hours.

3. Plaintiff is entitled to enter and inspect the Subject Property on as many occasions as are reasonably necessary for Plaintiff to complete its inspection for the existence of hazardous substances.

It is further ORDERED that Plaintiff's Motion to Modify the Court's February 12, 2014 Order, (Dkt. No. 18), is GRANTED, and the February 21, 2014 deadline for submission of a motion for default judgment is VACATED.  Any amended complaint shall be filed by April 28, 2014, and the parties shall appear for a Case Management Conference on June 26, 2014, at 1:30 pm.

**IT IS SO ORDERED.**

Dated:  March 18, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE