UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LPP MORTGAGE LTD., <br><br> Plaintiff, <br><br> v. <br><br> ONDYN HERSCHELLE, et al., <br><br> Defendants. | Case No. 13-cv-04330-JSC <br><br> **ORDER RE: PLAINTIFF'S MOTION TO APPOINT RECEIVER** <br><br> Re: Dkt. No. 28 |

Plaintiff LPP Mortgage LTD brings this judicial foreclosure action against Defendant Ondyn Herschelle alleging breach of a Deed of Trust which was assigned to Plaintiff in 2001. Now pending before the Court is Plaintiff's Motion to Appoint a Receiver (Dkt. No. 28.) Having considered the parties' submissions and having had the benefit of oral argument on July 17, 2014, the Court DENIES Plaintiff's motion.

## BACKGROUND

On June 25, 1990, Defendant Ondyn Herschelle executed a Note in favor of the Small Business Administration ("SBA") in the principal amount of $408,600. (Dkt. No. 23 ¶ 7; Dkt. No. 23-1.) Repayment of this Note was secured by a Deed of Trust dated August 10, 1990 encumbering a fee estate in real property at 989 Folsom Street, San Francisco, California (the "Subject Property"). (*Id.* ¶ 9.) The Deed of Trust was recorded as Instrument No. E764816 in the Official Records of the San Francisco County Recorder's Office on August 16, 1990. (Dkt. No. 23-3.) That same day, another Deed of Trust listing Defendant Cranberry Financial, LLC ("Cranberry") as the trustee was recorded as Instrument No. E764817 encumbering the same Subject Property (hereinafter "Junior Deed of Trust"). (Dkt. No. 23 ¶ 20.)

Four years later, the SBA executed a letter agreement whereby the principal amount of the

1    Note was increased to $500,000. (*Id.* ¶ 8.)  A Deed of Trust Amendment reflecting this

2    modification was recorded on September 15, 1994. (*Id.* ¶ 10; Dkt. No. 23-4.)

3          In 2000, the SBA endorsed the Note to Plaintiff, and in 2001, the Deed of Trust was

4    likewise assigned to Plaintiff. (*Id.* ¶¶ 11-12; Dkt. Nos. 23-4 & 23-5.)

5          Plaintiff filed the underlying judicial foreclosure action alleging that Defendant Herschelle

6    is in material breach of the Note and Deed of Trust by (1) failing to make monthly payments under

7    the Note since December 2012, (2) failing to pay property taxes, and (3) failing to maintain fire

8    insurance on the Subject Property. (*Id.* ¶ 16.)  Defendant Cranberry, alleged to be a junior

9    lienholder, failed to respond to the summons and complaint and default was entered against it on

10   June 3, 2014. (Dkt. No. 30.)

11         After the operative Second Amended Complaint ("SAC") was filed and before Defendant

12   Herschelle had filed an answer, Plaintiff filed the now pending Motion to Appoint Receiver (Dkt.

13   No. 28).  Plaintiff seeks appointment of a receiver to take possession of the property pursuant to

14   language in the Deed of Trust which authorizes appointment of a receiver upon the trustor's

15   default of her obligations under the Note or Deed of Trust. (Dkt. No. 28-3 § B(5).)  Herschelle

16   offers evidence that since the motion was filed she paid the back property taxes and obtained fire

17   insurance. (Dkt. No. 34-1 ¶¶ 3-4.)

## DISCUSSION

### A. Adequacy of the Allegations as to Defendant Cranberry

20         As an initial matter, although not raised by either party, the Court must address the status

21   of Cranberry as a defaulted defendant.  Plaintiff alleges that subject matter jurisdiction in this case

22   arises under 28 U.S.C. § 1332 which vests federal courts with original jurisdiction over "all civil

23   actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between

24   citizens of different states."  Diversity exists between Plaintiff, a limited partnership composed of

25   a Texas corporation and a Nevada corporation, and Defendant Herschelle, a resident of California,

26   and there is no question that the amount in controversy requirement is satisfied.  The question then

27   is the citizenship of Defendant Cranberry.  The SAC alleges that Cranberry is a limited liability

28   company ("LLC") organized under the laws of Delaware with its principal place of business in

1    Minnesota. (Dkt. No. 23 ¶ 3.) As an LLC, Cranberry "is a citizen of every state of which its
2    owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899
3    (9th Cir. 2006). The SAC's allegations with respect to Cranberry's citizenship are, however,
4    insufficient to allow the Court to determine the citizenship of all of Cranberry's members. *Id*.; *But*
5    *see Carolina Cas. Ins. Co. v. Team Equip., Inc*., 741 F.3d. 1082, 1086 (9th Cir. 2014) (holding that
6    where the information necessary to establish diversity of citizenship is not reasonably available,
7    the court should permit plaintiff to plead its jurisdictional allegations as to those defendants on
8    information and belief and without affirmatively asserting those defendants' citizenship.)

9    If Defendant Cranberry is a nominal defendant, however, then its citizenship is ignored for
10   purposes of diversity. *See Kuntz v. Lamar Corp*., 385 F.3d 1177, 1183 (9th Cir. 2004) ("[a]
11   federal court must disregard nominal or formal parties and rest jurisdiction only upon the
12   citizenship of real parties to the controversy."). A nominal party is one "who has no interest in the
13   action" and is merely joined to "perform a ministerial act." *Prudential Real Estate Affiliates, Inc.*
14   *v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000). "The paradigmatic nominal defendant is a
15   trustee, agent, or depositary ... who is joined purely as a means of facilitating collection." *S.E.C.*
16   *v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (internal quotation marks and citation omitted).
17   (internal quotation marks and citation omitted). Indeed, a nominal defendant has no legitimate
18   claim to the disputed property such that he is not a real party in interest. *Id*. Thus, "there is no
19   claim against him and it is unnecessary to obtain subject matter jurisdiction over him once
20   jurisdiction of the defendant is established." *Id*. Courts often conclude that a trustee under a deed
21   of trust is a nominal party except where the complaint includes substantive allegations and asserts
22   claims for monetary damages against the trustee. *See, e.g., Silva v. Wells Fargo Bank NA*, 2011
23   WL 2437514, at *5 (C.D. Cal. June 6, 2011) (trustee defendant not a nominal defendant where the
24   plaintiffs assert in their complaint claims against all defendants for money damages, including
25   damages to their credit rating and home value, and emotional and physical distress); *Couture v.*
26   *Wells Fargo Bank, N.A*., 2011 WL 3489955, at *3 (S.D .Cal. Aug. 9, 2011) (trustee defendant not
27   a nominal defendant where the plaintiff's complaint contains substantive allegations and claims
28   for money damages against trustee defendant).

1    Here, there are no substantive allegations with respect to Defendant Cranberry; rather, the

2    only allegation is that Cranberry is a junior lienholder. As such, Cranberry is a nominal defendant

3    and regardless of its citizenship cannot defeat diversity jurisdiction here. Further, the Court

4    concludes that Cranberry's consent is not required before the Court can proceed.[1]

**B. Propriety of Appointment of a Receiver**

Turning to the substance of the motion before the Court, Plaintiff moves for appointment of a receiver under Federal Rule of Civil Procedure 66 which provides that "the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule." According to federal law, "appointing a receiver is an extraordinary equitable remedy, which should be applied with caution." *Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009) (internal quotation marks and citation omitted). Although there is no precise formula for determining when a receiver may be appointed, courts generally consider the following factors:

> (1) whether [the party] seeking the appointment has a valid claim; (2) whether there is fraudulent conduct or the probability of fraudulent conduct by the defendant; (3) whether the property is in imminent danger of being lost, concealed, injured, diminished in value, or squandered; (4) whether legal remedies are inadequate; (5) whether the harm to plaintiff by denial of the appointment would outweigh injury to the party opposing appointment; (6) the plaintiff's probable success in the action and the possibility of irreparable injury to plaintiff's interest in the property; and, (7) whether [the] plaintiff's interests sought to be protected will in fact be well-served by receivership.

---

[1] Plaintiff and Defendant Herschelle have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). Cranberry, who is in default, has neither appeared nor consented to the Court's jurisdiction. However, as a nominal defendant in default, Cranberry's consent is not required. *Cf. United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir.1998) (holding that magistrate judge had jurisdiction to enter default judgment in in rem forfeiture action even though property owner had not consented to it because 28 U.S.C. § 636(c)(1) only requires the consent of the parties and the property owner, having failed to comply with the applicable filing requirements, was not a party); *Boisvert v. Li*, No. 13-CV-01590 NC, 2014 WL 279915, at *n.1 (N.D. Cal. Jan. 24, 2014) ("The consent of defendants that have not been served is not required for magistrate judge jurisdiction under 28 U.S.C. § 636(c)."). Even if consent of a nominal defendant were required, the consent of all the parties is not required to enter an order on a motion to appoint a receiver. *See California Bank & Trust v. Shilo Inn*, No. 12-CV-00141, 2012 WL 1883474, at *3 (D. Idaho May 22, 2012) (holding that consent was not required to enter an order appointing a receiver because appointment of a receiver was not a substantive right, but rather an equitable remedy which does not affect the outcome of the case).

1  *Id*. (quotation marks and citations omitted).  "[T]he district court has broad discretion in

2  appointing a receiver, ... it may consider a host of relevant factors, and ... no one factor is

3  dispositive." *Id*. at 845.

4      Plaintiff's primary argument is that in the Deed of Trust Plaintiff consented to appointment

5  of a receiver.  The Deed of Trust provides:

> That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues end profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees,  upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(Dkt. No. 28-3 § B(5).)  While the Deed of Trust recites that a court may appoint a receiver, it does not expressly state that the Trustor "consents" to appointment upon default and without consideration of any other factors.  *Compare with Sterling Sav. Bank v. Citadel Develop. Co.,* 656 F.Supp.2d 1248, 1260 (D. Or. 2009) (Deed of Trust provided "that the parties have the 'strict right' to 'apply . . . for and obtain appointment of a receiver . . . and Grantor hereby consents to such appointment.'").  In any event, even if the Deed of Trust can be read as conferring Defendant's consent to appointment of a receiver, such consent is not dispositive under federal law and is instead a factor that commands great weight.  *See Sterling Sav. Bank*, 656 F.Supp.2d at 1261; *New York Life Ins. Co. v. Watt West Investment Corp.*, 755 F.Supp. 287, 292 (E.D. Cal. 1991).  Thus, Herschelle's alleged consent to the appointment of a receiver weighs in Plaintiff's favor, but does not require appointment.

    Courts also give considerable weight to the adequacy of the security and the defendant's

financial standing. *See View Crest Garden Apartments v. United States*, 281 F.2d 844, 847 (9th Cir. 1960); *New York Life Ins. Co.,* 755 F.Supp. at 292. The record here, however, is devoid of this information. Plaintiff has not offered any evidence regarding the current value of the property and, indeed, at oral argument conceded that the value of the property exceeds the amount Defendant owes. The record is similarly deficient with respect to evidence regarding Herschelle's financial standing, although Herschelle suggests that she is not insolvent and has submitted a declaration stating that she just paid off the $9,797.04 owed in back taxes and is in the process of securing insurance for the property. (Dkt. No. 34-1 ¶¶ 3-4.) Plaintiff contends that the Deed of Trust provides that a receiver may be appointed "without regard to the adequacy of any security," but it actually states that the beneficiary may upon default and without regard to the adequacy of the security take possession of the property; it says nothing about limiting a court's discretion in the exercise of its equitable powers to appoint a receiver. (Dkt. No. 28-3 § B(5).) Given that the record supports a finding that there is more than adequate security and that Plaintiff is not in financial distress, these factors weigh against appointment of a receiver.

The remaining factors also weigh against appointment of a receiver. As for the first two *Canada Life* factors, the record is not sufficiently developed to determine whether Plaintiff has a valid claim or whether Herschelle engaged in fraudulent conduct. In her Answer, Herschelle asserts affirmative defenses of unclean hands, estoppel, waiver, laches, and lack of standing. (Dtk. No. 37 ¶¶ 26-30.) However, the record is lacking any additional evidence which would allow the Court to evaluate either parties' claims or defenses. With respect to the third factor, although Plaintiff offered evidence suggesting that the property had not been maintained, in opposing the motion, Herschelle submitted photographs that contradict Plaintiff's evidence. *Compare* Docket No. 28-8 *with* Docket No. 34-4. As to the fourth factor, Plaintiff has not argued or presented evidence that foreclosure, the legal remedy sought here, is inadequate. That Herschelle allowed the insurance to lapse did present a possibility of irreparable harm, however, at the hearing Herschelle offered evidence that she has since obtained fire insurance. Finally, denying Plaintiff's request for appointment of a receiver does not impede Plaintiff's ability to continue to prosecute this action against Herschelle, whereas appointment of a receiver would complicate this case

1 unnecessarily.

2 On balance, the *Canada Life* factors do not support appoint of a receiver, even when Herschelle's alleged contractual consent to appointment of a receiver is given great weight. The value of the secured property far outweighs the amount owed, Defendant has now performed needed repairs, paid the outstanding property taxes, obtained insurance, and, perhaps most significantly, is represented by an attorney. Because appointment of a receiver is an "extraordinary equitable remedy which should be employed with caution" the record does not support appointment of a receiver at this time. *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009) (internal citation and quotation marks omitted). Plaintiff's motion is therefore denied without prejudice.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for appointment of a receiver is DENIED without prejudice. The Court will hold a further case management conference at 1:30 p.m. on October 2, 2014.

This Order disposes of Docket No. 28.

**IT IS SO ORDERED.**

Dated: July 17, 2014

JACQUELINE SCOTT CORLEY
United States Magistrate Judge